MARY DUNCAN, Landlord, Appellant, *v.* EDWARD GIVENS, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, June 24, 1924.

Summary proceedings to dispossess — proceeding by landlord to recover possession of premises for her own personal use and occupancy — evidence insufficient to establish lack of good faith of landlord — final order reversed.

A final order, in summary proceedings to recover possession of premises, in favor of the tenant should be reversed on the ground that on the question of the good faith of the landlord it is contrary to the weight of evidence, where it appears that to the tenant's claim that the landlord owned property immediately contiguous of which she was an occupant, the landlord answered that the adjoining property was maintained by her for the benefit of the widow and children of a deceased brother to whom the issues and rents from the property went; and that the children, desiring to occupy the property held by her for them, made it necessary for her to recover possession of the apartment occupied by the tenant.

APPEAL by landlord from a final order of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in summary proceedings entered upon the verdict of a jury.

*Elihu J. Zwilling,* for the appellant.

*L. Lloyd Brown,* for the respondent.

LEVY, J.   This proceeding was instituted by the landlord to recover possession of an apartment in the premises known as No. 39 West One Hundred and Thirty-third street, in the borough of Manhattan, upon the ground that the landlord was a natural person, and required such possession for her own immediate and personal use and occupancy both for herself and family for dwelling purposes, in good faith.   The tenant resisted this and relied upon the fact that the landlord owned property immediately contiguous in which she and her family were dwelling and also urged the claim that the landlord sought from him an increase in rental which he declined. This practically constitutes the entire issue of good faith and the jury after trial determined it in favor of the tenant.

The facts, briefly, seem to indicate, while the landlord ostensibly holds the title to the adjoining property in which she now lives, the same was purchased by her not for her own benefit but out of funds received from the Chesapeake and Ohio Railroad Company in payment of damages for the death of her brother who was killed in a railroad accident; that the widow and orphans of such deceased brother were to receive the issues and profits from such property and to otherwise have the use of such premises.   These children resided with the appellant until two of them were married and due to certain discord occurring between them and her husband caused them to remove into other premises.   They desire to obtain possession of the house thus purchased for them and so advised their aunt, and she, wishing to let them have it, sought possession of the apartment now occupied by this tenant.   Seeking to avoid inconvenience to the latter the appellant offered the tenant another apartment in these premises at what she considered a fair and reasonable rental, which the tenant refused.  .This, it seems to us, cannot constitute a successful attack upon the good faith of the landlord and we feel, therefore, that the jury has improperly determined the issue.   Its verdict is clearly contrary to the evidence and the weight thereof.

Final order reversed and new trial ordered, with ten dollars costs to the appellant to abide the event.

BIJUR and MULLAN, JJ., concur.

Order reversed and new trial ordered.